JAHNA LINDEMUTH
ATTORNEY GENERAL

Rebecca H. Cain
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-6612
Fax: (907) 258-4978
Email: rebecca.cain@alaska.gov

*Attorney for Defendant State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FLORINA ALTSHILER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALASKA, )<br>)<br>Defendant. )<br>) | Case No. 3:16-cv-00259-SLG<br><br>**ANSWER** |

The Defendant, State of Alaska, by and through the Office of the Attorney General, answers the complaint in this action as follows:

## JURISDICTIONAL ALLEGATIONS

1.  This paragraph contains only legal conclusions for which no response is required.

2.  Admit that Plaintiff was previously an employee of Defendant and during that time Plaintiff was a resident of the State of Alaska. Defendant is without sufficient

information to form a belief as to the truth or falsity of the remaining allegations in this paragraph, therefore they are denied.

    3.    Admit.

    4.    This paragraph contains only legal conclusions for which no response is required.

    5.    This paragraph contains only legal conclusions for which no response is required.

## GENERAL ALLEGATIONS

    6.    Admit.

    7.    Admit sometime in March 2014 Plaintiff attended a work-related training.

    8.    Admit that Plaintiff reported that while at a work related training she received a number of text messages from an Alaska State Trooper who was also attending the training. Any remaining factual allegations in this paragraph are denied.

    9.    Admit that Plaintiff reported to an AST sergeant that she had received text messages. Any remaining factual allegations are denied.

    10.    Admit that plaintiff participated in a limited fashion in the Alaska State Trooper's investigation into the text messages. Admit that plaintiff also participated in a limited fashion in the Department of Law's review of this matter. Any remaining allegations in this paragraph are denied.

    11.    Admit that Defendant's supervisors asked her if she would be willing to have her phone examined by Alaska State Troopers investigators to review the complete

sequence of text messages between Plaintiff and the Alaska State Trooper. Any remaining allegations in this paragraph are denied.

12. Denied.

13. Denied.

14. Denied.

15. Admit that Plaintiff filed a charge with the EEOC.

16. Defendant is without sufficient information on which to form a belief as to the truth or falsity of the allegations in this paragraph, to the extent that an answer is required, the allegations in this paragraph are denied.

## COUNT I
## Unlawful Retaliation, 42 U.S.C. § 2000e-3(a), AS 18.80.220(a)(4)

17. Defendant hereby incorporates its responses to the previous paragraphs.

18. Denied.

19. Denied.

20. Denied.

## COUNT II
## Unlawful Retaliation, 42 U.S.C. § 2000e-3(a), AS 18.80.220(a)(4)

21. Defendant hereby incorporates its responses to the previous paragraphs.

22. Denied.

23. Denied.

24. Denied.

# COUNT III
## Breach of Implied Covenant of Good Faith and Fair Dealing

25. Defendant hereby incorporates its responses to the previous paragraphs.

26. Admit that Defendant hired Plaintiff as an Assistant District Attorney. The remainder of this paragraph appears to contain only legal conclusions for which no response is required.

27. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint and each cause of action contained therein fails to state a claim for which relief can be granted.

2. Plaintiff's claims may be barred by AS 09.50.250, the doctrines of sovereign and discretional immunity, and/or official immunity.

3. Plaintiff's harm, if any, was caused in whole or in part by her own actions and/or the actions of others whom defendant is not responsible.

4. Plaintiff's recovery of damages, if any, is barred and/or reduced to the extent that she has failed to mitigate her damages.

5. Plaintiff has failed to exhaust her administrative remedies.

6. Plaintiff has failed to file her claim within the applicable statute of limitations.

7. The State reserves the right to assert additional defenses and other matters as the case proceeds.

The State of Alaska seeks the following relief:

1. That the complaint be dismissed in its entirety with prejudice.

2. That the plaintiffs' prayer for relief be denied.

3. That the State be awarded its costs and fees in the action.

4. That the Court award the State such other relief as may be just and equitable under the circumstances.

DATED: November 9, 2016.

JAHNA LINDEMUTH
ATTORNEY GENERAL

By: /s/Rebecca H. Cain
Rebecca H. Cain
Assistant Attorney General
Alaska Bar No. 9811056
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: rebecca.cain@alaska.gov
Attorney for Defendant State of Alaska

### Certificate of Service

I certify that on November 9, 2016, a copy of the **Answer** was served electronically on:

| | |
|---|---|
| Daniel Pace | Christopher V. Hoke |
| 725 Christensen Drive, Suite 5 | Hoke Law |
| Anchorage, AK 99501 | PO Box 141502 |
| | Anchorage, AK 99514 |
| | chris@hoke-law.com |

/s/Rebecca H. Cain