IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

FLORINA ALTSHILER,            )
                              )
            Plaintiff,         )
                              )
v.                            )
                              )
STATE OF ALASKA,              )    Case No. 3:16-cv-00259-SLG
                              )
            Defendant.         )
                              )

**STIPULATED PROTECTIVE ORDER**

The issues to be litigated in this case arise out of the Defendant, the State of Alaska, and Department of Law's ("DOL") dismissal of former Assistant Attorney General Florina Altshiler. The lawsuit is currently in discovery and DOL has in its possession documents that the parties believe are relevant to Ms. Altshiler's claims but are considered confidential and are protected from disclosure under AS 39.25.080. The documents that the parties believe are relevant contain confidential personnel information not only of Ms. Altshiler but also of other current and former State of Alaska employees that are not parties to this litigation. The provisions of AS 39.25.080 are designed to protect the confidentiality of certain personnel records of current and former State employees. The State of Alaska's governing regulations provide that documents may be released upon receipt of an appropriate order from a court of competent jurisdiction.[1]

---

[1] 2 AAC 07.910(c)(4).

Recognizing the parties' need to prepare their case, as well as the responsibility to preserve the confidentiality of non–public documents, the parties seek an order from the Court authorizing them to share confidential information and evidence in a manner that facilitates disclosure and discovery while simultaneously respecting and preserving to the maximum extent possible the interests, rights, and privileges that the law intended to protect. Accordingly, the parties stipulate to the following:

1. Information and documents designated as confidential shall be used solely for the purpose of prosecuting or defending the claims in this case and for no other purpose.

2. The protected evidence will be viewed only by the parties, counsel for the respective parties, employees of counsel who are legitimately involved in the prosecution or defense of this lawsuit, representatives of the parties who are legitimately involved in in the prosecution or defense of this case, expert witnesses, and witnesses who are called to give deposition or affidavit testimony.

3. Before any person is allowed to view the protected evidence, he or she shall be informed of the terms of this stipulation and order and agree to be bound by it.

4. The information and documents designated as confidential shall be copied only as necessary to prosecute or defend the claims in this action. No one except counsel and/or counsel's staff shall be permitted to make a copy of any confidential documents released under the terms of this stipulation and order. If the use of a copy service is

necessary, a copy of this stipulation and order must be provided to the service and the service must agree to be bound by the stipulation and order.

5. All confidential records that are provided as exhibits to any documents that shall be in the court record shall be filed in a sealed envelope or other container marked on the outside with the title of the action, identification of each item within, and a statement substantially as follows: "*Confidential – sealed by Court Order – for Court use only.*"

6. Any information acquired from the sealed documents shall be treated as confidential under this protective order and may not be disclosed to or discussed with persons other than the parties, the parties' counsel, staff, paralegals, consultants, or experts retained by the parties.

7. Testimony elicited during a deposition or in any proceeding that calls for or has resulted in the disclosure of information that is confidential should be treated as confidential under the stipulation and order.

8. If confidential information about individuals who are not parties to this litigation is contained in a document that is otherwise discoverable under this order, the document shall be redacted to identify those individuals by their initials only (i.e., "A.B."). Other detailed identifying information of individuals who are not parties to this case shall be redacted before use as an exhibit.

9. Nothing in the stipulation and order precludes the disclosure of any of the information and/or documents to any witness or court reporter in the proceedings in this

matter, provided that the information and/or documents are disclosed only as provided above, and that the witness (and the court reporter if applicable) is instructed that he/she is bound by the stipulation and order, it shall be attached as an exhibit to any deposition, and the deposition and any exhibits that contain confidential information are to be treated as confidential under the stipulation and order.

10. Control and distribution of confidential information and all copies of documents shall be the responsibility of each party's counsel in this case.

11. The Stipulated Protective Order is intended to provide a mechanism for handling confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to disclosure of information or production of any documents the parties consider confidential on any grounds including, without limitation, relevance, work product, or privilege. Parties asserting such confidentiality or privilege may withhold such documents, subject to preparation of a privilege log describing the withheld documents sufficient detail to enable a test of the privilege claim.

12. The parties shall have the right to challenge any designation of confidentiality by seeking an order of the court with respect to information or documents designated as "Confidential." The parties shall treat all materials or information designated as "Confidential" in accordance with the stipulation and order until any such motion is resolved. The parties agree that before seeking any relief from the court under this paragraph they will make a good-faith effort to resolve any disputes concerning the confidential treatment of any information.

13. The stipulation and order does not alter the rules relating to admissibility of evidence at trial. All objections to the admissibility are preserved.

**MOVED AND CONSENTED TO BY**:

DATED: July 11, 2017.

By: /s/ Daniel Pace
/s/ Christopher Hoke
Daniel Pace
Christopher Hoke
Attorneys for Plaintiff


JAHNA LINDEMUTH
ATTORNEY GENERAL


By: /s/Rebecca H. Cain
Rebecca H. Cain
Assistant Attorney General
Alaska Bar No. 9811056
Attorney for Defendant


**IT IS SO ORDERED**

DATED this 13th day of July, 2017 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

*Altshiler v. State of Alaska*     Case No. 3:16-cv-00259-SLG
Stipulation and Order     Page 5 of 5

Case 3:16-cv-00259-SLG   Document 16   Filed 07/13/17   Page 5 of 5