JAHNA LINDEMUTH
ATTORNEY GENERAL

Rebecca H. Cain (Alaska Bar No. 9811056)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email: rebecca.cain@alaska.gov

*Attorney for Defendant State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| FLORINA ALTSHILER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-00259-SLG |
| STATE OF ALASKA, | ) ) ) | |
| Defendant. | ) ) | |

## MOTION TO COMPEL

Defendant, State of Alaska, pursuant to Federal Rules of Civil Procedure 26, 34, and 37 moves the Court for an order compelling Plaintiff, Florina Altshiler, to produce certain documents relevant to her claims for damages and to execute an employment release allowing the State to obtain other records no later than February 9, 2018.

# FACTS

This case involves a claim of wrongful termination of employment. The State terminated Ms. Altshiler from her employment as a District Attorney in 2014.[1] On September 28, 2016, Ms. Altshiler sued the State alleging that her termination was in retaliation for making a complaint of sexual harassment. Comp. Para. 17-27.

Ms. Althshiler served her initial disclosures on the State on February 7, 2017.[2] Although "a computation of each category of damages claimed" is required by Rule 26(a)(1)(A)(iii), along with "the documents or other evidentiary material…on which each computation is based," the disclosures listed only broad categories of damages and did not provide any calculations of the specific damages sought or provide any documents supporting the claims.[3]

On August 11, 2017, the State sent discovery requests to Ms. Altshiler seeking specific information and documentation of her damage claims.[4] In response, Ms. Altshiler explained that she was seeking a broad range of damages from the State including back and front pay, moving expenses, loss of benefits, loss of a DOJ grant, and losses associated with the sale of her condominium in Anchorage.[5] In her responses to the State's request for production of documents supporting her damage calculations,

---

[1] Exhibit 2 attached to affidavit of counsel.

[2] Exhibit 1 attached to affidavit of counsel.

[3] Exhibit 2, attached to affidavit of counsel at 4-5.

[4] *Id.*

[5] Exhibit 2, attached to affidavit of counsel at 3-6, 12-25.

Ms. Altshiler provided the State with copies of some of her W-2s, but no documentation of the moving expenses claims, losses claimed in association with her condo, or information about the terms of her subsequent employment.[6] Ms. Altshiler agreed to supplement the disclosures with tax documentation from 2012 forward at a later time.[7] To date the State has not received any supplementations from Ms. Altshiler and discovery in this matter closed on December 15.

On January 9, 2018, the State's counsel wrote to Ms. Altshiler's counsel demanding production of documents that had not been produced in Ms. Altshiler's initial disclosures or discovery responses.[8] Specifically the State asked that Ms. Altshiler agree to provide:

- Tax returns for the years 2011, 2012, 2013, 2014, 2015, and 2016
- Documentation supporting the $8,000 in moving expenses claimed in Plaintiff's discovery responses
- Documentation, including purchase and sale agreements for plaintiff's Anchorage condo, as well as any rental agreement for the period it was leased and any checks or other documentation showing this income
- Employment contracts, offer letters, or other documentation showing plaintiff's salary, hours, and benefits for Webster Szanyi, Russo Toner, Daemen College, Columbia University, SUNY, EW Scripps Company
- Cancelled check or any other documentation demonstrating repayment of Department of Justice Grant
- Execution of the enclosed release for employment records.[9]

---

[6]    *Id.* at 18.

[7]    *Id.* at 22.

[8]    Exhibit 3, attached to affidavit of counsel.

[9]    *Id.*
*Altshiler v. State of Alaska*                                                                  Case No. 3:16-cv-00259-SLG
Motion to Compel                                                                                              Page 3 of 7
Case 3:16-cv-00259-SLG   Document 29   Filed 01/12/18   Page 3 of 7

Counsel for Ms. Altshiler responded on January 11, 2018, that Ms. Altshiler was "generally unopposed to providing the documents requested, to the extent that they exist," and signing a revised employment release, however, she could not provide any documents until she returned to work from maternity leave on March 7, 2018.[10]

The deadline for filing motions to compel runs on January 12, 2018. Although Ms. Altshiler has indicated she is generally willing to provide the documents and release that the State requested, she has indicated that she will be unable to do so for another two months, well after the deadline for filing discovery motions set by the Court has passed.

## ARGUMENT

Rule 37(a)(3) provides that a party may apply to the Court for an order compelling production of discovery if a party fails to make disclosures required under Rule 26(a) or fails to permit inspection of documents pursuant to Rule 34.[11] In this case, Ms. Altshiler failed to provide adequate disclosures and documentation concerning her damage claims. Her initial disclosures listed only broad categories of damages and no calculations. Her discovery responses include calculations but do not provide the underlying documentation on which those calculations are based. The lack of documentation for her salary and benefits makes it particularly difficult for the State to evaluate and respond to her damage claims. Ms. Altshiler maintains that although the salaries she has earned with other employers since leaving the State are higher, she has actually suffered a financial

---

[10] *See* Exhibit 4, attached to affidavit of counsel.

[11] Fed.R.Civ.P. 37(a).

loss because she works many more hours. Thus, she argues, when considered on an hourly basis her higher salary in private practice is actually less than what she earned as a District Attorney. Without documentation of her salary, benefits, hours, and financial situation, the State has no way to effectively evaluate this claim.

Similarly, the State cannot fully evaluate her claims that she has suffered compensable losses when she relocated from Anchorage to Buffalo without documentation of those expenses, including her tax returns for the requested period.

The parties have attempted in good faith to resolve the outstanding discovery without seeking intervention from the Court. Although Ms. Altshiler has repeatedly indicated a willingness to provide tax documentation and other supporting materials,[12] the State still does not have the documents. Her promise to provide the documents at some point after she returns to work in March 7, 2018, is still another two months away. The proposed deadline for providing those documents is well after the deadline the Court has set for filing discovery related motions. No specific date after her return has been identified and if she then fails to produce the documents or if the document production is still inadequate, the State may be left without recourse.

For these reasons, the State files this motion to compel seeking an order from the Court requiring Ms. Altshiler to produce the documents the State identified in its January 9, 2018 letter (and which she has indicated she is not opposed to providing) by February 9, 2018. The parties have agreed to the terms of an employment release which

---

[12] *See* Exhibit 2, attached to affidavit of counsel at 19-20, 22.

*Altshiler v. State of Alaska*  Case No. 3:16-cv-00259-SLG
Motion to Compel  Page 5 of 7
Case 3:16-cv-00259-SLG   Document 29   Filed 01/12/18   Page 5 of 7

will also allow the State to independently obtain some of the information it seeks. Revised copies of those releases are attached. The State asks that the Court order Ms. Altshiler to execute and return those releases to the State on or before February 9 as well.

## CONCLUSION

Ms. Altshiler has provided only limited documentation in support of her claims for damages and in response to the State's discovery requests. Although Ms. Altshiler has indicated that she is willing to voluntarily provide the documents the State seeks, she has indicated that she cannot do so until after March 7. Because the date Ms. Altshiler proposed is potentially more than two months away and well after the deadline for filing any motion work about discovery, the State has moved the court for an order essentially memorializing the areas where the parties agree but also providing a set deadline and requiring production by that date so that the State's interests are adequately protected.

DATED: January 12, 2018.

        JAHNA LINDEMUTH
        ATTORNEY GENERAL

       By: /s/Rebecca H. Cain
         Rebecca H. Cain
         Assistant Attorney General
         Alaska Bar No. 9811056
         Department of Law
         1031 West Fourth Avenue, Suite 200
         Anchorage, AK 99501
         Phone: (907) 269-6612
         Facsimile: (907) 258-4978
         Email: rebecca.cain@alaska.gov
         Attorney for Defendant
         State of Alaska

*Altshiler v. State of Alaska* Case No. 3:16-cv-00259-SLG
Motion to Compel Page 6 of 7
Case 3:16-cv-00259-SLG Document 29 Filed 01/12/18 Page 6 of 7

Certificate of Service

I certify that on January 12, 2018, the MOTION TO COMPEL and the AFFIDAVIT OF REBECCA H. CAIN with Exhibits 1–5 were served electronically on:

Christopher V. Hoke
Hoke Law
101 E. 9th Ave., Suite 7A
Anchorage, AK 99501
chris@hoke-law.com

Daniel Pace
Pace Law Offices
101 E. 9th Ave Ste 7A
Anchorage, AK  99501
dan@pacelawoffices.com


/s/Rebecca H. Cain