**From:** Michaletz, Mara E (LAW)
**Sent:** Wednesday, May 1, 2013 10:23 AM
**To:** Altshiler, Florina (LAW)
**Subject:** FW: Terrence Jones

Florina,

Let's have a talk about this email when you get back from court today. There are a few issues I have with it: 1. it is not the paralegal's job to write motions. It's also not the LOA's job. If you need assistance with a motion (even something as seemingly simple as a stipulation), please ask one of your attorney colleagues or your supervisor – particularly when you're busy, i.e. in trial. 2. the tone of your last email to Yvonne is disrespectful, particularly considering that it is not the paralegal's job to write stipulations.

The LOA's and paralegals in our office have a variety of training. For this reason, all attorneys are instructed to file their own motions – aside from entries of appearances – when so called for. This includes drafting wording for your LOA to format, if that is how you have determined best suits your practice.

Although I am more optimistic about your relationship with Liz than I was about your previous relationship with Yvonne, this is a situation that should have been handled differently but, if anything, more respectfully.

Thanks.

Mara

---

**From:** Altshiler, Florina (LAW)
**Sent:** Friday, April 19, 2013 8:24 AM
**To:** Willhauck, Yvonne M (LAW)
**Cc:** Cook, Elizabeth (LAW sponsored); Brown, Jeffrey D (LAW)
**Subject:** Re: Terrence Jones

The stip is less words than your email to me. I'm still in trial and this needs to go out today. I don't know when I'll be back from trial and if I do it, someone will need to be available in the late afternoon to serve. We are supposed to work together and your help would be appreciated. This is not complicated but, if it is, please ask someone to help you.

Florina Altshiler
Assistant District Attorney
Anchorage District Attorney
310 K Street, suite 520
Anchorage, Alaska 99501
(907) 269-6371

On Apr 19, 2013, at 8:16 AM, "Willhauck, Yvonne M (LAW)" <yvonne.willhauck@alaska.gov> wrote:

> Florina,
>
> **This is not something a paralegal does and although I could probably wing it, I really need to focus on getting Liz trained right now before I she is on her own on the 29th**

and with Marilyn out the last 2 days, we have not had any time to train and are way behind on the other work and haven't even had a chance to get into Tiburon/APSIN or how to do a subpoena and since I will not be here next Friday, I really need to pick up the pace. I'm sorry. These are generally handled by the attorney's themselves or if you are lucky, you MIGHT be able to have and LOA who knows how to do them, but LOA's normally do all the motions/stipulations/affidavits etc for the attorneys. Thanks!

---

**From:** Altshiler, Florina (LAW)
**Sent:** Friday, April 19, 2013 7:58 AM
**To:** Cook, Elizabeth (LAW sponsored); Willhauck, Yvonne M (LAW)
**Subject:** Fwd: Terrence Jones

I sent this to Yvonne's email only before, here it is to both of you. Please prepare a stip to extend our time to oppose the defense motion to suppress by two weeks. Ben muse will sign from PD

THANK YOU

Florina Altshiler
Assistant District Attorney
Anchorage District Attorney
310 K Street, suite 520
Anchorage, Alaska 99501
(907) 269-6371

Begin forwarded message:

> **From:** "Brown, Jeffrey D (LAW)" <jeff.brown@alaska.gov>
> **Date:** April 19, 2013, 7:53:28 AM AKDT
> **To:** "Altshiler, Florina (LAW)" <florina.altshiler@alaska.gov>
> **Subject: RE: Terrence Jones**
>
> Ummmmm, what is that? Did you write one up for me to file?

---

**From:** Altshiler, Florina (LAW)
**Sent:** Thursday, April 18, 2013 8:23 PM
**To:** Brown, Jeffrey D (LAW)
**Subject:** Fwd: Terrence Jones

Please file a stipulation to extend time to oppose by weeks.

Florina Altshiler
Assistant District Attorney
Anchorage District Attorney
310 K Street, suite 520
Anchorage, Alaska 99501
(907) 269-6371

Begin forwarded message:

> **From:** "Muse, Benjamin W (DOA)" <benjamin.muse@alaska.gov>

Document ID: 0.7.1046.9174                                                             SOA011199

**Date:** April 18, 2013, 4:31:09 PM AKDT
**To:** "Altshiler, Florina (LAW)" <florina.altshiler@alaska.gov>
**Subject: RE: Terrence Jones**

Sure Florina. I'd like to think that this will be reciprocated.

---

**From:** Altshiler, Florina (LAW)
**Sent:** Thursday, April 18, 2013 4:12 PM
**To:** Muse, Benjamin W (DOA)
**Cc:** Brown, Jeffrey D (LAW)
**Subject:** Terrence Jones

Hi Ben,

I will be asking for more time (2 weeks) to opp your motion. Will you non-oppose my request for more time?

Florina Altshiler
Assistant District Attorney
Anchorage District Attorney's Office
310 K Street, suite 520
Anchorage, Alaska 99501
(907) 269-6371

Document ID: 0.7.1046.9174        Page 3 of 3        SOA011200

| | |
|---|---|
| **From:** | Michaletz, Mara E (LAW) |
| **Sent:** | Thursday, November 15, 2012 4:37 PM |
| **To:** | Altshiler, Florina (LAW) |
| **Cc:** | Marshall, Sharon L (LAW) |
| **Subject:** | follow-up |

Hi Florina,

Just a follow-up on a few of our conversations from the past few days.

1. On leave: A large part of any assistant DA's job description – misdemeanor or felony – is providing coverage for hearings, and for being available to screen in-custodies, last-minute bail hearings, and to generally be on hand during the day to contribute to the unit's needs when situations arise, which is why the State places such a premium on the attorney's work and presence during business hours.

All office leave must have prior approval, when possible. If an emergency arises, we expect the attorneys to notify their direct supervisors of their absence as soon as they know they will be not coming in (or late). This can be by email or phone call, although many of the misdemeanor attorneys know that they can reach me by text.

If I am not available, we ask the attorneys to get in touch with both someone from the unit (I usually call Lourdes) AND Marshall or Adrienne. This ensures that there is an attorney supervisor with the required information, and that there is someone in the unit who can figure out a Plan B to ensure that we have proper coverage.

2. Our hearing coverage responsibilities extend to both adequate preparation of the files, and post-hearing distribution. When attorneys are assigned to 8:30 a.m. jail bail hearings, they should typically be arriving at the office at 8 to be preparing for an 8:15 departure to jail. In the winter, I encourage the attorneys to leave to the hearing even earlier to take into consideration our perennially faulty car and such weather considerations such as ice, or snow. An 8 a.m. arrival time is also expected for trial. If running late, please get in touch with your supervisor or Lourdes to make sure the unit knows. We will re-assign the hearing if we feel that an attorney will be too late to ensure a timely coverage.

After the hearing, the first and immediate responsibility of an attorney is to distribute the yellow log notes to the files and distribute each file to the assigned unit's wire basket on the 6th or 5th floors. Our job is to make the files as easy as possible for the LOA's from each unit to collect, and the immediate distribution of the files is necessary for many of our files, which may be scheduled for next-day hearings.

3. Offers: While we do have certain benchmarks and internal sentencing guidelines throughout the office, no two cases are alike. When we are formulating offers, we should be looking at the defendant's conduct, their criminal history, the charges they are currently facing, the severity of the sentences they have received in the past in comparable cases, whether or not there are other outstanding cases, and any rehabilitative measures they might need. For those reasons, we expect attorneys to thoroughly review the case file before determining an appropriate offer. This includes examining:
- all police reports
- APSIN/NCIC for criminal history and to see what the defendant's priors have been
- CRIMES to determine other outstanding State cases and/or their assigned DA in those matters
- Courtview to determine whether there are other outstanding city cases
- the ATN/charging document for current charges
- the status sheets to determine whether the defendant made any statements, etc. at prior hearings
- any notes made with the victims for victim contact and notification considerations (keeping in mind that conferring with the victim before conveying an offer is MANDATORY under the VRA)

Reviewing this information ensures that the offers we give are appropriate for both the conduct and the individual. I

should note that any time we receive requests from defendants, the best practice to pull the file before agreeing to a request – this goes for bail, quashing bench warrants, etc. Finally, proper documentation of any offer conveyed is necessary for a proper change of plea; the attorneys are responsible for filing emails or memorializing the offers in the files, and making sure they are well-marked.

Thank you! Please let me know if you have any questions.

Mara Michaletz
Assistant District Attorney
(907) 269-6353