IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| STATE OF ALASKA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| SAKAR NOOK, | ) |
| Defendant. | ) |

Court No. 4AK-11-124Cr

### STATE'S MEMORANDUM WITH REGARD TO INTERPRETATION OF THE RULE OF COMPLETENESS

> I certify this document and its attachments do not contain the (1) name of a victim of a sexual offense listed in AS 12.61.140 or (2) residence or business address or telephone number of a victim of or witness to any offense unless it is an address identifying the place of a crime or an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

The State of Alaska, by and through its Assistant District Attorney Florina Altshiler, submits this memorandum at the request of this Court regarding the issue of admission of S.E.'s prior statements to the CAC forensic interviewer, Carolyn Peters, as *substantive* evidence at trial during the re-direct examination of Ms. Peters, after defense counsel opened the door to such statements during her cross examination of Ms. Peters by eliciting partial and incomplete statements of S.E.

Under the common-law "rule of completeness," a party has the right to introduce the remainder of a writing or statement, correspondence, former testimony, or conversation that her opponent introduced to the extent that this remainder relates to the same subject matter and tends to explain or shed light on the meaning of the part already received. The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial. See McCormick §56; California Evidence Code §356. To put it more simply, the purpose of the rule is to prevent a selective and out-of-

context presentation of evidence from misleading the trier of fact.

The common-law doctrine of opening the door is broader than the Rule of Completeness under Rule 106. It is not necessarily triggered by the introduction of statements, written or otherwise; rather it is prompted by the other party's conduct, be that the introduction of evidence, the cross-examination of a witness, or the content of opening statements or closing argument. For example, the North Carolina Supreme Court has offered this general explanation: "Opening the door refers to the principle that where one party introduces evidence of a particular fact, the opposing party is entitled to introduce evidence in explanation or rebuttal." *State v. Baymon*, 336 N.C. 748, 753 (1994)(quoting *State v. Sexton* 336 N.C. 321, 360 (1994)). Even if the evidence is otherwise inadmissible, it may be introduced to rebut or explain. *State v. Johnson*, 344 N.C. 596 (1996).

While the common-law standards for determining whether the conduct has in fact opened the door are not clearly stated in the legal decisions, the overriding principle is the same as that recognized in the Rule of Completeness. The trial judge must, in the exercise of sound discretion, determine whether fairness requires that the other evidence be allowed. *See e.g., State v. Bishop,* 346 N.C. 365 (1997)(defendant's misleading testimony about prior conviction opened the door for state to cross-examine about details of prior conviction); *State v. Jeffries*, 333 N.C. 501 (1993)(state's direct exam of officer related to arrest of accomplice opened door for defendant's cross-exam that charges had been dismissed); *State v. Mason*, 159 N.C.App. 691 (2003)(defense cross-exam of officer about why other leads were not followed opened door for re-direct about other potential suspects and reasons they were not pursued).

Alaska Evidence Rule 106 is clear in that it allows to permit otherwise inadmissible evidence to be introduced. This understanding is echoed in the Federal Rules. *See, e.g.*, *United States v. Bucci*, 525 F.3d 116, 133 (1st Cir. 2008) ("our case law unambiguously establishes that the rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence"); *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986) ("Rule 106 can adequately fulfill its function only by permitting the

admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously").

As explained by the First circuit, the result in this case was rather straight-forward:

The [trial] court did not abuse its discretion by admitting the entire recording (including the exculpatory portions) after defense counsel cross-examined Agent Miller about contradictory statements in the recording. Defense counsel all but invited the court to admit the evidence. "Generally, evidence which is otherwise suppressed or excluded becomes admissible when the defendant opens the door to the issue." The court did not abuse its discretion by admitting the entire recording (including the exculpatory portions) after defense counsel cross-examined [ATF agent Miller about contradictory statements in the recording. Defense counsel all but invited the court to admit the evidence. "Generally, evidence which is otherwise suppressed or excluded becomes admissible when the defendant opens the door to the issue." In *United States v. Harvey*, 653 F.3d 388 (6th Cir. Aug. 4, 2011) the court further reiterated that our case law unambiguously establishes that the rule of completeness may be invoked to facilitate the introduction of otherwise inadmissible evidence. *Bucci*, 525 F.3d at 122 (citing ***United States v. Simonelli***, 237 F.3d 19, 28 (1st Cir.2001).

The purpose of this evidentiary rule is clearly stated in the rule itself, it is to allow a party to admit omitted portion of a partially admitted statement when and to the extent that the omitted portions are necessary to provide context to the admitted portions, or to explain or clarify them. Rules of Evid., Rule 106.

Further, an adverse party is entitled to introduce remaining portions of the statement as substantive evidence to the extent that this is necessary to correct any material misimpression that the initially offered portions might arguably create.

Under this rule of completeness, "a party has the right to introduce the remainder of a writing [or] statement, correspondence, former testimony, or conversation that his or her opponent introduced" as substantive evidence to the extent that this remainder "relates to the same subject matter and ... tends to explain or shed light on the meaning of the part already received" State v. Warren, 143 N.H. 633, 732 A.2d 1017, 1019

Document ID: 0.7.1046.12267-000001              Page 3 of 5                              SOA013394

(1999). The purpose of the rule "is to prevent a selective and out-of-context presentation of evidence from misleading the trier of fact" *Warren,* 732 A.2d at 1019, citing J. Strong, *McCormick on Evidence* (4th ed.1992), § 56, Vol. 1 at 225–26. —or, as stated by Wigmore, "to secure for the tribunal a complete understanding of the total tenor and effect of the utterance". J. Wigmore, *Evidence in Trials at Common Law* (Chadbourn rev.1978), § 2113, Vol. 7, p. 653.

The United States Supreme Court addressed the rule of completeness in *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). In *Beech Aircraft,* the Court held that this common law rule survived the enactment of the Federal Rules of Evidence. The Court declared it "obvious" that "when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore admissible under [Federal Evidence] Rules 401 and 402". *Beech Aircraft,* 488 U.S. at 172, 109 S.Ct. at 451. In *United States v. Sutton,* 801 F.2d 1346, 1368–69 (D.C.Cir.1986), the court declared that "Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously." In particular, see *State v. Warren,* 143 N.H. 633, 732 A.2d 1017, 1019–1020 (1999), and *State v. Eugenio,* 219 Wis.2d 391, 579 N.W.2d 642, 649–652 (1998), both holding that the rule of completeness allowed criminal defendants to introduce complementary portions of their out-of-court oral statements as substantive even though that evidence would normally be inadmissible hearsay.

Accordingly, this court should admit the statements of S.E., made to Ms. Peters, as substantive evidence in the interest of fairness and completeness.

DATED this 5th day of June, 2013, at Bethel, Alaska.

                MICHAEL C. GERAGHTY
                ATTORNEY GENERAL

By: _____
     Florina Altshiler
     Assistant District Attorney

I certify that a true copy of this pleading was placed in the Public Defender's box at the Bethel Courthouse for Liz Pederson, counsel of record for the Defendant, on this the \_\_\_\_ day of May, 2013.

_____