JAHNA LINDEMUTH
ATTORNEY GENERAL

Rebecca H. Cain (Alaska Bar No. 9811056)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email: rebecca.cain@alaska.gov

*Attorney for Defendant State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FLORINA ALTSHILER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| STATE OF ALASKA, | ) Case No. 3:16-cv-00259-SLG |
| Defendant. | ) ) ) |

**MOTION IN LIMINE TO EXCLUDE RECENT EVENTS INVOLVING VANCE PERONTO**

**I.     Introduction**

The defendant, the State of Alaska, moves the court for an order excluding from trial any reference to recent events concerning Mr. Peronto because they are irrelevant and therefore inadmissible. Furthermore, these events should be excluded because their lack of any probative value is coupled with a substantial danger that they would create unfair prejudice and confuse the issues at trial.

This case centers on Mr. Skidmore's motivations when he terminated Ms. Altshiler's employment at the Department of Law in May of 2014. Recent events concerning Mr. Peronto do nothing to illuminate Mr. Skidmore's motivations in an unrelated employment matter four years ago. Reference to them can only serve to distract the jury from the narrow issues which this trial concerns.

**II.  Recent events concerning Mr. Peronto are not relevant to any issue at trial and therefore are inadmissible under Federal Rules of Evidence 401 and 402.**

Relevance "exists only as a relation between an item of evidence and a matter properly provable in the case."[1] If the piece of evidence does not a have a tendency to make a fact which "is of consequence in determining an action" any "more or less probable than it would be without the evidence" then that evidence is not admissible.[2]

There are three ways Ms. Altshiler can prove the elements of her claims—but there is really only one question before the jury:  what convinced Mr. Skidmore that Ms. Altshiler could no longer by employed as an Assistant District Attorney? First, Ms. Altshiler's Title VII retaliation claims can only succeed if she provides "specific and substantial" evidence that but for the desire to retaliate against her, her employment would not have been terminated.[3] Second, Ms. Altshiler's retaliation claims under AS 18.80.220(a)(4) can only succeed if she meets the same "but for" standard used in

---

[1]  *Huddleston v. U.S.*, 485 U.S. 681, 689 (1988) (quoting Advisory Committee Notes on Fed. R. Evid. 401).

[2]  Fed. R. Evid.  401; Fed. R. Evid. 402.

[3]  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *University of Texas Southwest Medical Center v. Nasser*, 133 S.Ct. 2517, 2528 (2013).

*Altshiler v. State of Alaska*                                                             Case No. 3:16-cv-00259-SLG
Motion in Limine to Exclude Recent Events Involving Vance Peronto                    Page 2 of 7

Case 3:16-cv-00259-SLG   Document 64   Filed 06/25/18   Page 2 of 7

Title VII cases or if, under the "mixed-motive" standard, she can show "strong evidence—evidence akin to direct proof—that tends to establish the improper motive's substantial contributing role" in her termination.[4] Third, for Ms. Altshiler to succeed on her claim that her termination violated the covenant of good faith and fair dealing she must show either that Mr. Skidmore was motivated to terminate her employment by a desire to deprive her of a benefit under her contract or that he failed "to act in a manner that a reasonable person would consider fair, which includes treating similarly situated employees disparately, terminating employees on unconstitutional grounds, and terminating employees in violation of public policy."[5] Recent events involving Mr. Peronto are irrelevant because they do not make it any "more or less probable" that Mr. Skidmore seriously doubted Ms. Altshiler's honesty and good judgement and terminated her for that reason four years ago.

### III. Reference to recent events would cause unfair prejudice and confuse the issues at trial and therefore should be excluded under Federal Rule of Evidence 403

Reference to recent events should be excluded not only because they have no probative value but also because they would unfairly prejudice the jury and confuse the issues at trial. Federal Rule of Evidence 403 authorizes the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair

---

[4] *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 662 (Alaska 2006) (citations omitted).

[5] *Blackman v. State, Dep't of Transp.*, 103 P.3d 900, 907 (Alaska 2004); *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1999); *Witt v. State,* 75 P.3d 1030, 1034 (Alaska 2003).

*Altshiler v. State of Alaska* Case No. 3:16-cv-00259-SLG
Motion in Limine to Exclude Recent Events Involving Vance Peronto Page 3 of 7

Case 3:16-cv-00259-SLG Document 64 Filed 06/25/18 Page 3 of 7

prejudice, confusing the issues [or] misleading the jury."[6] The function of this rule is to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."[7] Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[8] The Ninth Circuit has "long held that '[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.'"[9]

Mr. Peronto's conduct is not at issue in this case, but Ms. Altshiler has indicated that she would like to introduce the fact that he was recently charged with attempted sexual assault of a sixteen-year-old girl.[10] That has nothing to do with Ms. Altshiler's termination four years ago, but it is certain to create an emotional response in the jury.

---

[6] Fed. R. Evid. 403.

[7] *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills,* 704 F.2d 1553, 1559 (11th Cir.1983)).

[8] *U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1996); *See also US v. Yazzie*, 59 F.3d 807, 811 (9th Cir. 1995) (quoting *US v. Johnson*, 820, F.2d 1065, 1069 (9th Cir. 1987) ("Evidence is unfairly prejudicial if it makes a decision against the defendant 'more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence'"*) (emphasis in original).

[9] *United States v. Preston*, 873 F.3d 829, 841 (9th Cir. 2017) (citing *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) (quoting *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992)).

[10] Michelle Theriault Boots, *Attempted sexual abuse charges against trooper highlight 2014 investigation for inappropriate texts*, Anchorage Daily News (May 1, 2018), https://www.adn.com/alaska-news/crime-courts/2018/05/01/attempted-sexual-abuse-charges-against-alaska-state-trooper-highlight-2014-investigation-for-inappropriate-texts/.

*Altshiler v. State of Alaska*     Case No. 3:16-cv-00259-SLG
Motion in Limine to Exclude Recent Events Involving Vance Peronto     Page 4 of 7

Case 3:16-cv-00259-SLG Document 64 Filed 06/25/18 Page 4 of 7

These events have no probative value to balance against their high potential to create unfair prejudice. Reference to them can only obscure and distract from the 2014 employment dispute which this case is about.

It seems likely that Ms. Altshiler wishes to argue in court, as she has in the media, that the way the State handled her complaint about Mr. Peronto's texts "paved the way for him to attempt to commit a sexual assault."[11] Ms. Altshiler apparently wishes to suggest to the jury that they should blame the State's conduct in 2014 for Mr. Peronto's alleged actions four years later. Because this narrative is disingenuous and irrelevant, it is insufficient to justify bringing recent events into this trial.

The record shows that the Troopers conducted a thorough and serious investigation which finally stalled because the investigators believed that Ms. Altshiler had not been honest with them. [Exhibit F at 10] Ms. Altshiler repeatedly refused to cooperate with the investigation and withheld information from investigators. [Exhibit F at 10, 16-18, 41-43] Although it is far from clear that a full and accurate understanding of the events of 2014 would have prevented Mr. Peronto's alleged misconduct in 2018, it was Ms. Altshiler's conduct that foreclosed a successful investigation.

Even if Ms. Altshiler's speculations were true, they would still be irrelevant. This case is about why Ms. Altshiler was terminated. The investigation into Mr. Peronto is only relevant because Ms. Altshiler's lack of candor during it caused Mr. Skidmore to doubt that she could remain employed at the Department of Law. The Troopers' decision

---

11   *Id.*

*Altshiler v. State of Alaska*                                             Case No. 3:16-cv-00259-SLG
Motion in Limine to Exclude Recent Events Involving Vance Peronto                    Page 5 of 7

Case 3:16-cv-00259-SLG   Document 64   Filed 06/25/18   Page 5 of 7

about how to respond to Mr. Peronto's behavior is not relevant to this case because it has no connection to Mr. Skidmore's decision to terminate Ms. Altshiler.

## IV. Conclusion

Because recent events involving Mr. Peronto are not relevant to any issue at trial, they are inadmissible under Federal Rules of Evidence 401 and 402. In addition, reference to these events should be excluded under Rule 403 because they have no probative value and reference to them would create unfair prejudice and confuse the issues. The State respectfully requests an order excluding reference to these events from trial.

DATED: June 25, 2018.

JAHNA LINDEMUTH
ATTORNEY GENERAL

By: /s/Rebecca H. Cain
Rebecca H. Cain
Assistant Attorney General
Alaska Bar No. 9811056
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: rebecca.cain@alaska.gov
Attorney for Defendant
State of Alaska

*Altshiler v. State of Alaska* Case No. 3:16-cv-00259-SLG
Motion in Limine to Exclude Recent Events Involving Vance Peronto Page 6 of 7

Case 3:16-cv-00259-SLG   Document 64   Filed 06/25/18   Page 6 of 7

Certificate of Service

I certify that on June 25, 2018, the **MOTION IN LIMINE TO EXCLUDE RECENT EVENTS INVOLVING VANCE PERONTO** was served electronically on:

Christopher V. Hoke
Hoke Law
PO Box 141502
Anchorage, AK 99514
chris@hoke-law.com

Daniel I. Pace
Pace Law Offices
101 E. 9th Ave., Ste 7A
Anchorage, AK 99501
dan@pacelawoffices.com

/s/Rebecca H. Cain

*Altshiler v. State of Alaska* Case No. 3:16-cv-00259-SLG
Motion in Limine to Exclude Recent Events Involving Vance Peronto Page 7 of 7

Case 3:16-cv-00259-SLG   Document 64   Filed 06/25/18   Page 7 of 7