JAHNA LINDEMUTH
ATTORNEY GENERAL

Rebecca H. Cain
Margaret A. Paton Walsh
Assistant Attorneys General
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-6612
Fax: (907) 258-4978
Email: rebecca.cain@alaska.gov
Email: margaret.paton-walsh@alaska.gov

*Attorneys for Defendant State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FLORINA ALTSHILER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-00259-SLG |
| STATE OF ALASKA, | ) |
| Defendant. | ) **OBJECTION TO PLAINTIFF'S EXHIBITS** |

Pursuant to the Court's pretrial order at docket 19, defendant hereby makes the following objections to plaintiff's exhibits:

**General Objections**

Defendant generally objects to the admission of exhibits without accompanying witness testimony, taken during trial, to put the exhibits in context. Defendant expects that all exhibits, including exhibits to which defendant has stipulated to authenticity, will be introduced through witness testimony. Defendant noted this position when it filed its

exhibit list. At the exhibit meeting held on July 9, 2018, this was also conveyed to plaintiff's counsel who indicated that plaintiff had no objection.

**Categorical Objections**

Defendant categorically objects to the following exhibits:

- **Deposition Transcripts**: Defendant objects to plaintiff's Exhibit 2 (Deposition of Clint Campion) and Exhibit 11 (Deposition of Sharon Marshall). These exhibits are inadmissible hearsay under FRE 801(c), and do not fall into any exceptions pursuant to FRE 803 or FRE 804.[1]

- **Exhibit Copies Poor Quality/Incorrectly marked**: Defendant has limited objection to Exhibit 38 (Email: Skidmore to Altshiler Re: Follow Up from yesterday), Exhibit 39 (Email Altshiler to Brown re: DPS Employee Investigation), Exhibit 40 (Email: Altshiler to FA personal email Re: FWD DPS Employee investigation), and Exhibit 46 (Fax Confirmation 5/30/14 8:44AM EEOP Complaint filed). Defendant's objection to these exhibits is limited. The quality of the copies provided to Defendant for Exhibits 38, 39, 40, and 46 is poor and very difficult to read. The dates identified for Exhibits 38 and 39 on plaintiff's exhibit list are also incorrect.

**Specific Objections**

Defendant specifically objects to the following exhibits for the reasons stated:

---

[1]   Defendant recognizes that under Local Rule 39.3(a)(4)[B] parties must include deposition transcripts in their exhibits if they will be used for any purpose at trial including impeachment. Defendants object to any other use of the depositions transcripts.

- **Exhibit 3**: Exhibit 3 is described as "Florina Altshiler's list of completed trials to verdict." Defendant objects to the admission of this exhibit as hearsay under FRE 801 and 802.

- **Exhibit 12**: Exhibit 12 is described as "EEOP Report of Interview of John Skidmore (filed under seal)." Defendant objects to the admission of this exhibit as hearsay under FRE 801 and 802.

- **Exhibit 14**: Exhibit 14 is described as "Attorney-client communication (5/29/2014)." Defendant objects to the admission of this exhibit as hearsay under FRE 801 and 802.

- **Exhibit 25**: Defendant objects to plaintiff's Exhibit 25 (UI Benefits Conclusion). It is not clear for what purpose plaintiff seeks to admit the award letter from the Alaska Department of Labor and Workforce Development Center. It is also unclear following the parties' final pretrial conference whether plaintiff still intends to introduce Exhibit 25.

To the extent that plaintiff seeks to introduce the decision of the AkDOL to suggest to the jury that AkDOL determined that Ms. Altshiler was wrongfully terminated, defendant objects to this exhibit under FRE 401, FRE 403, and FRE 802. The issue before the administrative body in an unemployment compensation matter is whether the employee was terminated for "misconduct."[2] The adjudication before the hearing officer, if there is a hearing at all, does not involve the same issues involved in a wrongful termination action, nor is the

---

[2] *See Manning v. Alaska R.R. Corp.*, 853 P.2d 1120, 1124 (Alaska 1993).

commissioner of labor empowered to determine culpability of the employer's conduct.[3] A determination of whether a former employee is eligible for unemployment compensation is intended to promptly adjudicate a narrow issue of the law and grant a limited remedy to an unemployed worker.

If findings entered in such proceedings were allowed to be used as evidence in subsequent wrongful termination proceedings between the employee and the employer, the employer would have strong incentive to consistently oppose worker's requests for unemployment compensation and the resulting hearings would become substantially more lengthy and detailed. Such an outcome would defeat the purpose of the unemployment system and frustrate judicial economy. Defendant objects to the introduction of Exhibit 25 on these grounds and based on FRE 401, FRE 403, FRE 801, and FRE 802.

- **Exhibit 28**: Exhibit 28 is described as "Trooper Vance Peronto Reprimand (10/1/2014)." Defendant objects to the admission of this exhibit on grounds of relevance under FRE 401.

- **Exhibit 44**: Exhibit 44 is described as "Email: Skidmore to Marshall Re: Florina." Exhibit 44 contains the text of a forwarded email from a Detective Sarber. Defendant objects to the admission of the portion of this exhibit that includes the discussion by Detective Sarber as this portion of the exhibit is hearsay under FRE 801 and 802.

---

[3] *Id*. at 1124-25.

- **Exhibit 48**: Exhibit 48 is described as "Handwritten Notes, Meeting with Altshiler and Svobodny." It is not clear following the Pretrial Conference whether plaintiff still seeks to admit this exhibit. To the extent that she does, defendant objects to the admission of this exhibit as hearsay under FRE 801 and 802.

DATED: July 23, 2018.

>JAHNA LINDEMUTH
>ATTORNEY GENERAL
>
>By: /s/Rebecca H. Cain
>Rebecca H. Cain
>Assistant Attorney General
>Alaska Bar No. 9811056
>Department of Law
>1031 West Fourth Avenue, Suite 200
>Anchorage, AK 99501
>Phone: (907) 269-6612
>Facsimile: (907) 258-4978
>Email: rebecca.cain@alaska.gov
>Attorney for Defendant(s)
>State of Alaska

Certificate of Service

I certify that on July 23, 2018 the foregoing OBJECTION TO PLAINTIFFS' EXHIBITS was served electronically on:

| | |
|---|---|
| Christopher V. Hoke | Daniel I. Pace |
| Hoke Law | Pace Law Offices |
| PO Box 141502 | 101 E. 9th Ave Ste 7A |
| Anchorage, AK 99514 | Anchorage, AK 99501 |
| chris@hoke-law.com | dan@pacelawoffices.com |

/s/Rebecca H. Cain

*Altshiler v. State of Alaska* Case No. 3:16-cv-00259-SLG
Objection to Plaintiff's Exhibits Page 5 of 5
Case 3:16-cv-00259-SLG   Document 91   Filed 07/23/18   Page 5 of 5